

# United States Tax Court

Washington, DC 20217

DAMON L. CAMPBELL,

      Petitioner

      v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent

Docket No. 13891-20

## ORDER

Pursuant to Rule 152(b), Tax Court Rules of Practice and Procedure, it is

ORDERED that the Clerk of the Court shall transmit herewith to petitioner and to respondent a copy of the pages of the transcript of the trial in the above case before Judge Albert G. Lauber at New York, New York, containing his oral findings of fact and opinion rendered on April 12, 2022, during the trial session at which the case was heard.

In accordance with the oral findings of fact and opinion, decision will be entered in due course.

**(Signed) Albert G. Lauber**
**Judge**

**Served 05/27/22**

Bench Opinion by Judge Albert G. Lauber

April 12, 2022

Damon L. Campbell v. Commissioner

Docket No. 13591-20

THE COURT: The Court has decided to render the following as its oral findings of fact and opinion in this case. This bench opinion is made pursuant to the authority granted by section 7459(b) of the Internal Revenue Code and Tax Court Rule 152, and it shall not be relied upon as precedent in any other case. Rule references in this opinion are to the Tax Court Rules of Practice and Procedure, and statutory references are to the Internal Revenue Code, as amended and in effect at all relevant times. We round all monetary amounts to the nearest dollar.

This case involves petitioner's 2018 tax year. On September 21, 2020, the Internal Revenue Service (IRS or respondent) issued petitioner a timely notice of deficiency determining a deficiency of $5,682 and an accuracy-related penalty of $1,136. The IRS subsequently conceded the penalty. Thus, only the deficiency remains in issue.

The question for decision is whether petitioner for 2018 was entitled to claim two minor children as "qualifying children" within the meaning of section



152(c). His ability to claim his children as qualifying children determines the outcome of all the remaining issues. We tried this case on April 11, 2022, in New York, New York.

FINDINGS OF FACT

The following facts are drawn from the pleadings, a joint stipulation of facts, and the documents and testimony admitted into evidence at trial. Petitioner resided in Jersey City, New Jersey, when he filed the petition.

Petitioner and his wife, Precious Scott, married in 2011. They have two children, D.C. and J.C., and petitioner has one stepdaughter, A.C. (We refer to minor children by their initials.) In 2018 petitioner and his wife separated. Since then, D.C., J.C., and A.C. have lived at all relevant times with Ms. Scott in Brooklyn, New York, where they attend public school. There is no separation agreement in place.

Petitioner timely filed a Federal income tax return for 2018. On this return he claimed head-of-household filing status, which resulted in his claiming a standard deduction of $18,000. In 2018 the standard deduction was $18,000 for heads of households and $12,000 for single filers. He claimed D.C. and A.C. as qualifying dependents, which generated an earned income tax credit of

$880 and an additional child tax credit of $1,437.

The IRS selected petitioner's 2018 return for examination and determined that he had failed to establish that his minor children were qualifying children. The IRS accordingly determined that he was not entitled to head-of-household filing status, the earned income tax credit, or the additional child tax credit. The IRS reduced his standard deduction from $18,000 to $12,000 and disallowed the two credits. These adjustments generated the $5,682 deficiency at issue.

OPINION

The IRS's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving them erroneous. Rule 142(a). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving his entitlement to deductions and credits allowed by the Code. *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992). Petitioner does not contend that the burden of proof should shift to respondent under section 7491. Petitioner therefore bears the burden of proof on all factual issues.

On his Federal income tax return for 2018 petitioner claimed head-of-household filing status, an earned income tax credit, and an additional child tax

credit. His entitlement to head-of-household status, the earned income tax credit, and child tax credit is governed by sections 2, 32, and 24, respectively.

To qualify as the head of a household the taxpayer must, among other requirements, "maintain as his home a household which constitutes for more than one-half of such taxable year the principal place of abode ... [of] a qualifying child." § 2(b)(1)(A). To be entitled to an earned income tax credit, the taxpayer must have a "qualifying child" during the taxable year. § 2(c)(1)(A). And a child tax credit is allowable only "with respect to each qualifying child of the taxpayer." § 24(a). Thus, petitioner bears the burden of proving that during 2018 D.C. and A.C. were "qualifying" children.

Section 152(c)(1) defines the term "qualifying child." *See* §§ 2(b)(1)(A)(i), 24(c)(1), and 32(c)(3)(A) (cross-referring to section 152(c)). Section 152(c)(1)(B) provides that a child is not a qualifying child unless he "has the same principal place of abode as the taxpayer for more than one-half of such taxable year." Petitioner did not produce any evidence showing that his children resided with him at any point during 2018. Quite the contrary: Petitioner stipulated that, after separating from his wife in 2018, he lived in New Jersey, while D.C. and A.C. lived in New York with their mother 100% of the time.

eScribers

(973) 406-2250 | operations@escribers.net | www.escribers.net

Accordingly, petitioner has not established that he had a "qualifying child" during 2018. He is therefore not entitled to head-of-household filing status, an earned income tax credit, or a child tax credit.

Petitioner urges that he helped support his children. But support is not relevant where the children do not have "the same principal place of abode as the taxpayer for more than one-half of [the] taxable year." § 152(c)(1)(B). And even if support were relevant, petitioner supplied no evidence that he provided meaningful support to D.C. and A.C. There is nothing in the documents petitioner supplied to respondent or to the Court that substantiates any support.

At trial petitioner admitted that he did not send his wife monthly checks or provide other support directly to her. He stated that he took the children to restaurants occasionally and that his wife sometimes asked him for money. But petitioner did not supply to respondent or the Court actual proof of support because (he said) "it was not enough."

Consistent with the foregoing, decision will be entered for respondent with respect to the deficiency and for petitioner with respect to the accuracy-related penalty. This concludes the Court's oral findings of fact and opinion in this case.

(Whereupon, at 3:47 p.m., the above-entitled matter was concluded.)

(973) 406-2250 | operations@escribers.net | www.escribers.net